```
 1  Marsha Merkel
 2  8711 N. Lennon Pl.
 3  Tucson, AZ 85742
 4
 5
                    IN THE UNITED STATES DISTRICT COURT
 6
                        FOR THE DISTRICT OF ARIZONA
 7
 8
 9  Marsha Merkel              )   CASE NUMBER
                               )
10         Plaintiff,          )
                               )   CIV 10-595 TUC RCC
11  vs. Joe Jackson, and       )
    others involved and Raytheon)  COMPLAINT
12  Missile    Defendant.      )
13  Systems                    )   Plaintiff filing in own behalf,
14  pro se, and pleads to proceed in forma pauperis.
15  Plaintiff didn't know of right to sue until 9/14/2010; pleads for
                        Jurisdiction                    Line 15, Con't pg 2
16      In the county of Pima, State of Arizona
17           City of Tucson
                        Complaint            at least,
18                                         (Article 4 Sec. D)
19  The defendants are in violation of 23-1361. The
20  information the defendant, Joe Jackson communicated to
21  the plaintiff was false and defamatory to use preju-
                        Demand              (Con't Line 39 pg. 2)
22  Plaintiff demands back pay from the time plaintiff
23  would/should have been hired up until the date
24  that judgement is given in court, from Raytheon;
25  Dated:           October 1st 2010      Con't. Line 81
26
27
28
                        page 1 of 4
```

cont. from line 15.
29 an extension of time. The EEOC, who mailed the
30 right to sue, stated in a letter that "due to an
31 administrative error, the address on the letter was in-
32 complete. (Tara Crubaugh) told plaintiff; the person in mailing
33 the letter out, put the city OroValley instead of
34 Tucson as Plaintiff had given her, so it was sent
35 back to EEOC and Plaintiff never received it until Plaintiff
36 called on the status of it on @ 9/14/2010).
37 Enclosed is the above stated letter, their dismissal of charge,
38 and Plaintiff's right to sue.
39 dice and descrimination to act in such a way to cause
40 harm to the (prospective employee) plaintiff, by the
41 prospective employer, and the communicator (Joe
42 Jackson), defendant, knowing fully their informa-
43 tion was false about the do-not-rehire tag on
44 and used it with reckless regard for an excuse
45 not to hire the plaintiff whom defendants had
46 (blacklisted) targeted to be sure she would
47 not be hired by Raytheon. And when plaintiff
48 choose not to divulge plaintiff's full name
49 when applying (plaintiff had been applying
50 for many times before and received no reply)
51 one time, and used plaintiff initials MR.
52 Merkel, The Defendant, called and said he had
53 a job offer for MR. Merkel and that he
54 had all the credentials for the job, but
55 when defendant, Joe Jackson found out
56 it was Plaintiff, he seemed to know plaintiff (A WOMAN--NOT A MAN)
57 (*)said he couldn't talk any more about the job offer after
58 all, and said he'd have to get back with
(he was really nervous)  Pg. 2 of 4   Cont. on Line 59, Pg 3

59 plaintiff after he talked with someone and
60 when plaintiff asked who, he wouldn't say.
61 Plaintiff tried many times to call back (plaintiff
62 has Caller ID) but defendant Joe Jackson would
63 not call back or pickup. Finally after plaintiff
64 leaving many messages, Defendant Joe
65 Jackson finally called back to say that
66 Plaintiff was on their do-not-rehire list
67 and they would not allow plaintiff to take
68 the pretest or allowed to be hired.
69    Plaintiff has a key witness that the
70 do-not-rehire is false and requests Raytheon
71 Luis Nagore to be summoned to court to
72 testify of the targeted discrimination
73 and blacklisting Raytheon has against
74 the plaintiff Marsha Merkel for no
75 good reason but to harm this prospec-
76 tive employee and her career. Plaintiff
77 knows Luis Nagore will not lie in court.
78 Enclosed is a copy of the phone conversa-
79 tion between Plaintiff and defendant,
80 filed with the EEOC.
81 Plaintiff also request that even if plaintiff does
82 not win this case, plaintiff asks for, most im-
83 portantly, a order from the judge to give a
84 social security number change to the
85 plaintiff, without it being public knowledge,
86 but private between Judge and plaintiff, so

pg. 3 of 4

(Plaintiff also along with that, request a full name change)
87. this blacklisting that has been destroying the
88. Plaintiffs career the last 11 years, will finally
89. stop, and plaintiff may have a even chance
90. to right to work once again, as she had the
91. 23 years before this in her other career.
92. Plaintiff has had to have two name changes
93. because of this blacklisting - it's the only
94. reason Raytheon hired her after 7½ yrs.
95. of trying when she first got a job there,
96. but they caught up to her by knowing
97. her Social Security number and Luis
98. Nagore (please judge, keep this confiden-
99. tial until court) admitted being told
100. by them to fire plaintiff and would not tell
101. plaintiff the one who threatened Luis' job for
102. fear of losing Luis' job - Luis told plaintiff
103. this the very next day in confidence
104. after Luis fabricated something up (of which
105. Luis admitted to plaintiff) to fire plaintiff for fear
106. of losing his job.